O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HARRY EDWIN MILES, | ) | No.  CV 14-9451-CAS (PJW) |
| | ) | |
| Petitioner, | ) | ~~[PROPOSED]~~ ORDER DISMISSING |
| | ) | PETITION WITH PREJUDICE AND |
| v. | ) | DENYING CERTIFICATE OF |
| | ) | APPEALABILITY |
| RICHARD IVES, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is currently incarcerated at the Federal Correctional Institution, Lompoc, California.  The instant Petition is his third attempt in this court to challenge his 2005 conviction on drug charges and resultant 360-month sentence in United States District Court for the Central District of Illinois.  In May 2010, he filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that the district court in Illinois did not have jurisdiction to hear his case because Congress had not properly enacted the legislation that authorized district courts to hear criminal cases.  In his view, Congress' failure to properly do so meant that he was actually innocent of the drug charges.  He argued further that he had not been given an opportunity to raise this claim through the normal habeas process set forth in 28 U.S.C. § 2255 and, therefore, he should be

allowed to proceed under § 2241.  In February 2011, the Court dismissed the petition.  *See Miles v. United States of America*, CV 10-3587-CAS (PJW), February 1, 2011 Order Dismissing Petition with Prejudice ("2011 Order").

In November 2012, Petitioner filed a second petition for writ of habeas corpus, seeking release on the ground that the district court in Illinois had recently granted his "motion to dismiss."  On November 28, 2012, the Court dismissed that petition, finding that Petitioner had erroneously interpreted the district court's dismissal of his petition as a dismissal of his criminal conviction.  *See Miles v. Ives*, CV 12-10032-CAS (PJW), November 28, 2012 Order Dismissing Petition with Prejudice.  The Court further noted that, "to the extent [Petitioner] is still challenging the law that grants district courts jurisdiction over federal criminal cases, that issue has been decided against him by this Court, the district court in Illinois, and the Seventh Circuit Court of Appeals.  As such, he may not litigate the issue again in this Court."  *Id.* at 2.

Evidently undeterred, on December 9, 2014, Petitioner filed the instant Petition, pursuant to 28 U.S.C. § 2241, claiming once again that he is entitled to habeas relief because Congress did not lawfully enact the statute granting district courts jurisdiction over criminal cases.  (Petition at 1 and Exh. A.)  He contends that he has not had an unobstructed shot at raising this argument before and argues that he should be allowed to do so now.  (Petition at 9-15.)

Petitioner is mistaken.  As the Court noted in its decision dismissing his first habeas petition, Petitioner has, in fact, repeatedly presented this argument to the federal courts--the district court in Illinois and the Seventh Circuit Court of Appeals--and it has

been repeatedly rejected.[1]  (2011 Order at 5.)  As such, he does not fit within the narrow exception for § 2241 challenges to prior convictions and this action is subject to dismissal with prejudice. *See*, *e.g.*, *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).

Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its ruling, he is not entitled to a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal the denial of that petition absent a COA[.]").

IT THEREFORE IS ORDERED that the Petition is hereby dismissed.

DATED: December <u>December 15, 2014</u>.

                                                  CHRISTINA A. SNYDER
                                                UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE
C:\Users\jyerke\AppData\Local\Temp\notesC7A056\LA14CV09451CASPJW-O.wpd

---

[1] The Illinois district court, in denying Petitioner's most recent attempt to challenge his conviction there, described the argument that district courts lack subject matter jurisdiction to hear criminal cases as "fanciful[.]"  (Petition, Exh. E at 1.)  The Seventh Circuit has described the same argument as "unbelievably frivolous." *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007); *see also United States v. Levy*, 849 F. Supp.2d 1353, 1357 (S.D. Fla. 2012) (noting the argument has been "squarely rejected by all the federal courts to have considered" it) (collecting cases).